# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Joanna Burke,

    Plaintiff,

v.

PHH Mortgage Corp., et al.,

    Defendants.

Case No. 23-cv-1119 (WMW/DTS)

**REPORT & RECOMMENDATION**

---

Plaintiff Joanna Burke purported to sue Defendants in this Court, claiming this Court has subject matter jurisdiction over the lawsuit "because it involves questions of federal law and . . . because it is the correct court which may resolve this complaint when fraud is involved." Compl. at 15, Dkt. No. 1. Burke also presents her lawsuit as one "pertain[ing] to claims against the judicial machinery itself," presumably because one named individual Defendant is a case manager at the United States Court of Appeals for the Fifth Circuit and the other two individual Defendants are attorneys. Burke's complaint is silent as to why venue is proper in this district; it does not establish that she or any Defendant resides in Minnesota. Nor did the subject events take place here.

Questioning whether this Court is the proper venue for Burke's lawsuit, Magistrate Judge Dulce J. Foster ordered Burke to show cause as to why the case should not be dismissed. [Dkt. No. 9]. Judge Foster explained that Burke "must establish how this district is an appropriate venue for this litigation under [28 U.S.C.] section 1391(b). *Id.* at 2.

Burke timely responded to the Order [Dkt. No. 17]. Her response again claims that her lawsuit is "directed at the judicial machinery itself." Dkt. No. 17 at 7 (citing *Workman*

*v. Bell*, 484 F.3d 837, 840 n.1 (6th Cir. 2007)). That response misses the issue. That Burke purports to bring a federal cause of action, establishing federal subject matter jurisdiction, does not automatically make *any* federal district court a proper venue for her claim. She has not provided any information establishing that the District of Minnesota is a proper venue for her claims. Furthermore, based on a review of Burke's complaint, the Southern District of Texas appears to be the appropriate venue for this lawsuit because "a substantial part of the events or omissions giving rise to the claim" occurred there. *See* 28 U.S.C. § 1391(b).

## RECOMMENDATION

Pursuant to 28 U.S.C. § 1406(a), and for the reasons explained above, this Court RECOMMENDS THAT Burke's Complaint [Dkt. No. 1] be **DISMISSED WITHOUT PREJUDICE**.

Dated: August 30, 2023                              s/David T. Schultz
                                                    DAVID T. SCHULTZ
                                                    U.S. Magistrate Judge