UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Joanna Burke, | Case No. 23-cv-1119 (WMW/DTS) |
| Plaintiff, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| PHH Mortgage Corporation; Hopkins Law, PLLC; Mark D. Hopkins; Shelley L. Hopkins; Christina Gardner, | |
| Defendants. | |

---

This matter is before the Court on the August 30, 2023 Report and Recommendation from United States Magistrate Judge David T. Schultz ("R&R"). Plaintiff Joanna Burke filed objections to the R&R. For the reasons stated below, the Court overrules the objections, adopts the R&R, and dismisses the complaint without prejudice.

## BACKGROUND

Plaintiff Joanna Burke commenced this action in the United States District Court for the District of Minnesota against PHH Mortgage Corporation, the attorneys involved in her prior lawsuit in the United States District Court for the Southern District of Texas, and an employee of the United States Court of Appeals for the Fifth Circuit for actions taken during the course of her prior lawsuit. On July 14, 2023, Burke moved for advance approval of service of process costs, an extension of time to seek an order for prepayment of service of process costs, and a 90-day extension of the deadline to serve Defendants. On July 17, 2023, the Court denied in part and granted in part Burke's motion.

Rule 4(d)(2), Fed. R. Civ. P., provides for the imposition of expenses "later incurred in making service" when a defendant refuses to waive service. But Rule 4(d)(2) does not authorize prepayment of service costs as Burke requests. Burke's request for prepayment of service costs was denied accordingly. Because Defendants declined to waive service, the Court ordered Burke to serve the Complaint. The Court also ordered Burke to show cause as to why this matter should not be transferred or dismissed pursuant to 28 U.S.C. § 1406(a) and directed Burke to establish how this District is an appropriate venue. After receiving the order to show cause, Burke filed a motion seeking an interlocutory appeal of the order. She also requested that the court take judicial notice of two documents that she had previously filed—her opposition to the order to show cause and her motion seeking advance approval of process service costs and an extension of time to serve Defendants.

The R&R recommends dismissing the complaint because of improper venue. Burke objects to the R&R.

## ANALYSIS

The Court reviews *de novo* the portions of an R&R to which a party has objected and "may accept, reject, or modify, in whole or in part, the findings or recommendation made by the magistrate judge." 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b)(3). A party's objections to an R&R must "specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections." *Mayer v. Walvatne*, No. 07-cv-1958, 2008 WL 4527774 at *2 (D. Minn. Sept. 28, 2008). An objection that restates arguments made to and considered by the magistrate judge is reviewed for clear error. *Montgomery v. Compass Airlines, LLC*, 98 F.Supp.3d 1012, 1017

(D. Minn. 2015). In the absence of specific objections, the Court reviews an R&R for clear error. *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996). Because Burke is self-represented, the Court liberally interprets Burke's objections. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Horsey v. Asher*, 741 F.2d 209, 211 n.3 (8th Cir. 1984).

Burke does not identify the portion of the R&R to which she objects. Burke simply repeats the arguments that were presented to the magistrate judge. Because Burke's objection lacks specificity, the Court reviews the R&R for clear error. *Grinder*, 73 F.3d at 795.

Burke's complaint does not establish that any of the parties reside in Minnesota or allege that the events giving rise to the claim occurred in Minnesota. A civil action may be brought "in a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located" or in a judicial district in which a substantial part of the events giving rise to the claim occurred. 28 U.S.C. § 1391(b).

Burke's response to the order to show cause does not provide any information to establish that Minnesota is the proper venue. Burke's argument that the lawsuit involves the "judicial machinery" does not make the District of Minnesota the proper venue.

A district court may dismiss or transfer a case that is filed in an improper venue. 28 U.S.C. § 1406(a). Here, dismissal without prejudice is warranted so that Burke may file the complaint in the proper judicial district. In light of the Court's decision, the Court need not address Burke's remaining motions.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Plaintiff Joanna Burke's objection to the August 30, 2023 Report and Recommendation, (Dkt. 24), is **OVERRULED**;

2. The August 30, 2023 Report and Recommendation, (Dkt. 23), is **ADOPTED**; and

3. Plaintiff Joanna Burke's complaint, (Dkt. 1), is **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: October 27, 2023

s/ Wilhelmina M. Wright
Wilhelmina M. Wright
United States District Judge